IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRION DANIELS, Inmate #K75631,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-312-MJR** |
| ) | |
| **ROGER E. WALKER, JR.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

This action comes before the Court on Plaintiff's motions for appointment of counsel (Doc. 3), for ink pens, writing paper, and envelopes (Doc. 9), for law library services and materials (Doc. 10), to amend the complaint (Doc. 11), for law library services, pens, and photocopies (Doc. 12), and for pens, law library services, and envelopes (Doc. 13).

APPOINTMENT OF COUNSEL

The Court has previously granted Plaintiff's request to proceed *in forma pauperis*, and Plaintiff has also filed a motion for appointment of counsel (Doc. 3). However, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED** without prejudice. Once the Court has completed that preliminary review, Plaintiff may renew his request at that time.

INK PENS, WRITING PAPER, ENVELOPES, AND ACCESS TO LAW LIBRARY SERVICES

Plaintiff has filed four motions seeking materials and access to law library services. In the first (Doc. 9), Plaintiff moves the Court to order officials at Menard Correctional Center to provide

him with ink pens, paper, envelopes, and money vouchers for postage. Plaintiff contends that he is being deliberately denied these items in an attempt to stop him from contacting his family, the Governor of Illinois, other elected state officials, the Federal Bureau of Investigation, and other "outside agencies and authorities." He states that he has received ink pens, but that they are "very small defective ink pens" and "only write two or three pages before going out." Furthermore, the pens "appear to have ink in them but they are empty." Plaintiff includes one such pen in his motion.

In the second motion (Doc. 10), Plaintiff seeks an order compelling Illinois Department of Corrections officials to provide him with photocopies, and writing materials. Plaintiff claims that he has been denied these services and materials and has been denied access to the commissary so he cannot purchase them himself.

In the third motion (Doc. 12), Plaintiff again seeks photocopies, pens, paper, and envelopes. He claims he has been denied them and claims that he is unable to prosecute the action without them. In the fourth motion (Doc. 13), Plaintiff asks again for pens, law library services, and envelopes. He also complains of the destruction of his grievances and of his outgoing legal mail.

The Court construes each of these motions as seeking injunctive relief. In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served

by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the merits of Plaintiff's claims for relief in his complaint, the Court is of the opinion that a preliminary injunction is not warranted at this time. Therefore, these motions (Docs. 9, 10, 12, and 13) are **DENIED**. The Court notes that despite his contentions that he is being denied materials, Plaintiff has managed to file six motions and has written two letters to the court in the six-month period since the filing of the complaint. Furthermore, at this point in the litigation, Plaintiff does not need to file any additional materials in the case. The Court is in possession of Plaintiff's almost 200-page complaint and will soon review it pursuant to 28 U.S.C. § 1915A. If, after the Court has completed this threshold review, Plaintiff cannot obtain materials he needs to prosecute the case, he may at that time file a motion seeking to compel officials to provide him with what he needs.

### MOTION TO AMEND COMPLAINT

Plaintiff sent a letter to the undersigned informing the Court that since he has filed his complaint, Defendants have continued to retaliate against him, interfere with his mail, deny him medical treatment, destroy his grievances, and deny him law library services. The Court construes this letter (Doc. 11) as a motion to amend the complaint.

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc*., 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). However, the Court's local rule requires that

> [a]mended pleadings and supplemental pleadings shall contain all

> allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

Plaintiff's submission does not conform to the local rule. Consequently, the motion to amend (Doc. 11) is **DENIED**.

Plaintiff is granted **thirty (30) days** to file one, single amended complaint in compliance with the local rule. He must file a motion for leave to amend and include with that motion an amended complaint that contains ***all claims against all defendants***. Plaintiff is **ADVISED**, that even though pro se complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Fed. R. Civ. P. 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Plaintiff is **FURTHER ADVISED** that he must state in the complaint specifically how each defendant deprived him of a constitutional right. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff is also reminded that "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

2001), *quoting* *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Clerk is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

### CORRESPONDENCE WITH THE COURT

Finally, the Court is in receipt of a letter from Plaintiff directed to the Honorable G. Patrick Murphy, Chief Judge of this Court, in which he seeks speedier disposition of this action. Plaintiff is first informed that ex-parte correspondence with the Court is improper and will not be tolerated in the future. The only appropriate way to seek relief from the Court is to file a motion with the clerk's office with service on the opposing party. Additionally, this case is assigned to the undersigned Judge and not Chief Judge G. Patrick Murphy. Correspondence with other judges in the district is similarly inappropriate.

**IT IS SO ORDERED.**

**DATED this 9th day of November, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**