IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brion Daniels, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-312-MJR-DGW |
| ) | |
| Roger E. Walker, Jr. et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court are Defendant Sue Ferrari's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b) and (d) (Doc. 44), and a Motion to Dismiss Plaintiff's Complaint for Want of Prosecution pursuant to Federal Rule of Civil Procedure 44 (Doc. 45) filed by Defendants David Alvis, Terri Anderson, Kenneth Bartley, Samuel Burns, John Evans, Julius Flagg, Thomas Grace, John Harris, M. Hartman, Timothy Laird, Carol McBride, Ronald Meeks, Jackie Miller, Colleen Rennison, Steve Sroka, Jack Townley, and Roger E. Walker, Jr. (collectively "the remaining Defendants").

These matters have been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. For the reasons set forth below, it is **RECOMMENDED** that the Motion For Sanctions (Doc. 44) be **DENIED**, and that the Motion to Dismiss Plaintiff's Complaint for Want of Prosecution (Doc. 45) be **DENIED,** and that the Court adopt the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Plaintiff Brion Daniels filed this action on April 20, 2006, alleging that Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 by unjustifiably depriving him of his prescribed medications and personal hygienic items while Plaintiff was detained at the Pinckneyville Correctional Center and the Pontiac Correctional Center (Doc. 1). On May 14, 2007, the District Court conducted its threshold review of the action pursuant to 28 U.S.C. § 1915A, found that Plaintiff stated a claim, and referred the matter to the undersigned for pretrial proceedings (Doc. 16-3).

Approximately a year after Defendant Ferrari answered Plaintiff's Complaint, she sent Plaintiff a Notice of Deposition informing Plaintiff that he would be deposed on July 1, 2008 (Doc. 45 at p. 1; Doc. 44-2). Due to her attorney's illness, Defendant Ferrari had to cancel this deposition; however, she sent Plaintiff an Amended Notice of Deposition rescheduling it for July 24, 2008 (Doc. 45 at p. 1; Doc. 44-3).

On July 24, 2008, Plaintiff showed up for his deposition and immediately informed Defendant Ferrari's counsel that he was not going to participate because the prison denied him writing supplies he claimed he needed to litigate his case. (Doc. 45 at p. 2; Doc. 44-4). At the request of Defendant Ferari's counsel, Plaintiff repeated that he would not participate in the deposition for the court reporter (Doc. 44-4). Plaintiff then walked out. *Id.*

As a result of Plaintiff's decision not to allow Defendant Ferari's counsel to depose him, Defendant Ferrari filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b) and (d) and the remaining Defendants filed a Motion to Dismiss Plaintiff's Complaint for Want of Prosecution pursuant to Federal Rule of Civil

Procedure 44 (Doc. 45). In both of these motions, Defendant Ferrari and the remaining Defendants request that the Court dismiss Plaintiff's case.

## CONCLUSIONS OF LAW

### Motion for Sanctions Pursuant to Federal Rule 37(b) and (d)

Defendant Ferrari contends that Plaintiff's failure to participate in his deposition on July 24, 2008, warrants that Plaintiff's case be dismissed under Federal Rule of Civil Procedure 37 (b) and (d) (Doc. 44). Federal Rule of Civil Procedure 37(b) states, in pertinent part:

> (2) Sanctions in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an *order* to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (v) dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b) (emphasis added). Federal Rule of Civil Procedure 37 (d) (1) (A) permits a "court where the action is pending [to] order sanctions if . . . a party fails . . . after being served with proper notice . . . to appear for the person's deposition . . . ." Fed. R. Civ. P. 37(d) (1) (A). This Court will not recommend sanctions under either of these provisions.

### Defendant Ferrari's request for sanctions under Federal Rule of Civil Procedure 37(b)

A sanction under Federal Rule of Civil Procedure 37(b) is a "drastic sanction [that] requires a showing of willfulness, bad faith or fault of the part of the disobedient party." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 (7th Cir. 1992). A district court, moreover, "has the discretion to dismiss a clam when a party demonstrates a pattern of

dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders." *Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992). Federal Rule of Civil Procedure 37(b) authorizes the district court to dismiss an action or proceeding when a litigant fails to obey a court order *directing* discovery." *Cohn v. Taco Bell, Corp*., 1995 WL 519968, *3 (N.D. Ill. Aug. 30, 1995) (emphasis added) (citing *Govas,* 965 F.2d at 301 (7th Cir. 1992). Thus, under Federal Rule of Civil Procedure 37(b), a court cannot impose sanctions unless it has previously *ordered* a party to appear and participate in his deposition.

The Seventh Circuit's decision in *Stevens v. Greyhound Lines, Inc*., 710 F.2d 1224, 1228 (7th Cir. 1983) is instructive. In *Stevens*, the Defendant sent a pro-se plaintiff a Notice of Deposition and a subpoena *duces tecum* asking the plaintiff to bring certain documents with him to the deposition. The plaintiff showed up for the deposition without any documents and would not allow the defendant's counsel to depose him.

The defendant moved to dismiss the case pursuant to Federal Rule of Civil Procedure 37(b). The trial court granted the defendant's motion, but the Seventh Circuit reversed it, reasoning that Rule 37(b) permits sanctions when a party fails to obey an "order" to provide or permit discovery. Thus, Rule 37(b) could not be used to impose sanctions "since the trial court did not issue a discovery order directing the plaintiff to submit to a deposition prior to dismissing suit." *See also Duncan v. Pierce*, 2008 WL 4724281, at *7 (C.D.Ill. Oct. 24, 2008) (noting that sanctions are appropriate once a court orders a plaintiff to participate in his deposition and the plaintiff fails to do so).

In this case, this Court has not previously warned Plaintiff, through an order, that he would face dismissal if he failed to allow Defendant Ferrari or any of the remaining

Defendants to take his deposition. As in *Stevens,* Federal Rule of Civil Procedure 37(b) does not apply here since there has not been a court order directing Plaintiff to participate in his deposition. The Court therefore **RECOMMENDS** that Defendant Ferari's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) be **DENIED.**

### Defendant Ferrari's Request for Sanctions Under Federal Rule of Civil Procedure 37(d)

*Stevens* further demonstrates that dismissal is not warranted under Federal Rule of Civil Procedure 37(d). The court held that sanctions are appropriate under Rule 37(d) when a party has failed to physically appear his deposition - not when the party has appeared but refuses to participate.

> "[W]e believe that the term 'appear' as used in Rule 37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session. Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court . . . .

*Steven*s, 710 F.2d at 1228; *see also Gee v. City of Chicago Public Schools*, 2002 WL 1559704, *2-3 (N.D. Ill. Jul. 12, 2002).

Although this Court will not condone Plaintiff's actions, given that he failed to cooperate with Defendant Ferari's counsel by failing to testify, Plaintiff did "appear" for his deposition because he was physically present. Therefore, this Court cannot dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 37(d). For these reasons, the Court recommends that Defendant Ferrari's Motion for Sanctions Pursuant to Federal Rule 37(d) (Doc. 44) be **DENIED**.

**The Remaining Defendants' Motion to Dismiss Plaintiff's Complaint for Want of Prosecution**

The remaining Defendants also seek dismissal of Plaintiff's case because Plaintiff failed to participate in the July 24, 2008, deposition that was scheduled by Defendant Ferrari. Unlike Defendant Ferrari, however, the remaining Defendants moved to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The United States Supreme Court, however, has stated that parties should not seek dismissal under Rule 41 when they want to dismiss the case due to a discovery violation. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 206-07 (1958).

> In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a [discovery] order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ. There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.

*Id. And see Govas,* 965 F.2d at 301 (noting "[b]ecause Rule 37 is tailored to the discovery context, the Supreme Court has indicated that Rule 37, and not Rule 41(b), applies to dismissals in this context.")

This Court has already determined that under these circumstances, Rule 37 sanctions are not appropriate. Consequently, the Court recommends that the remaining Defendants' motion to dismiss Plaintiff's case for failure to prosecute be **DENIED.**

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Sanctions Pursuant to Federal Rule 37 (Doc. 44) be **DENIED**, that the Motion to Dismiss Plaintiff's Complaint for Want of Prosecution (Doc. 45) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: November 18, 2008**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
