IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRION DANIELS, #K-75631, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 06-cv-0312-MJR |
| ROGER E. WALKER, JACKIE MILLER, TERRI ANDERSON, RONALD MEEKS, WARDEN EVANS, JULIUS FLAGG, KEN BARTLEY, C/O MATHIAS, C/O BAKER, C/O HANEGE, C/O ALVIS, SUE FERRARI, STEVE SROKA, LT. LAIRD, LIEUTENANT TOWNLEY, C/O BURNS, C/O HARTMAN, LT. GRACE, C/O McBRIDE, COLLEEN RENNISON and JOHN HARRIS, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I. Background

Plaintiff Brion Daniels ("Daniels") brings this action pursuant to 42 U.S.C. § 1983 against the above-named Defendants who Daniels claims violated his constitutional rights while he was incarcerated at the Pinckneyville Correctional Center. After the Court conducted its preliminary review of Daniels's complaint on May 14, 2007 (Doc. 16-3), five claims remained.

First, Daniels claims that, while he was incarcerated at the Pinckneyville Correctional Center ("PCC") in April 2004, January 2006, and March 2006, Defendants Audra Sue Ferrari Burns ("Ferrari"), John Evans ("Evans"), Steve Sroka ("Sroka"), Julius Flagg ("Flagg"), Roger Walker ("Walker"), Samuel Burns ("Burns"), M. Hartman ("Hartman"), Thomas Grace ("Grace"), and Carol McBride ("McBride) were deliberately indifferent to his

1

serious medical needs in that they denied him his heart and hypertension medications.[1]  Daniels alleges he was without medication for several days while he was held in segregation, and, as a result, he experienced a number of symptoms, including chest pains, headaches and blurred vision (Doc. 16, p. 3).

Second, Daniels contends that Defendants Evans, Hartman, Flagg and Meek further violated his constitutional rights by denying him soap and other hygiene materials.  He claims that Defendant Evans refused to allow him to have any hygiene products for seven days in April 2004, and Defendant Hartman denied his request for free hygiene items even though he did not have any money in his trust fund account.

Third, Daniels maintains that Defendants Flagg and Meek ignored the grievances he filed about Defendants' failure to provide hygiene items, and, later, in retaliation for his grievances, Defendant Flagg ordered that Daniels receive only one bar of soap per month  (Doc. 16, pp. 6-7).

Fourth, Daniels alleges that Defendants Laird, Alvis, Sroka, Townley and Burns denied him access to the courts by confiscating the legal papers he had prepared for federal court (Doc. 16, p. 12).

And finally, Daniels has brought retaliation claims against all Defendants.  He submits that Defendant Ferarri denied him his medication because of a threatening letter he wrote to her.  He contends that the remaining Defendants retaliated against him because he filed grievances and letters.

Defendants deny Daniels's allegations and filed motions for summary judgment Docs. 47, 57.  Daniels chose not to respond to Defendants' motions, even though Defendants

---

[1] The Court notes that Defendants Mathias, Baker, and Hanege have not been served.  *See* Docs. 16, 20, 27.

2

warned him that his failure to respond with evidence could result in a judgment against him and even though this Court ordered him to respond. *See* Docs. 48, 58, 60, 63.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).** *See also* **Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005); Black Agents & Brokers Agency Inc. v. Near North Ins. Brokerage, Inc., 409 F.3d 833, 836 (7th Cir. 2005)**. The burden is upon the moving party to establish that no material facts are in dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1986); Ballance v. City of Springfield, 424 F.3d 614, 616 (7th Cir. 2004)**. Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternative inferences can be drawn from the available evidence." **Spiegla v. Hull, 371 F.3d 928, 935 (7th Cir. 2004)**. In ruling on a summary judgment motion, this Court must construe the evidence and all inferences reasonably drawn therefrom in the light most favorable to the non-moving party. **Tas Distribution Co., Inc. v. Cummins Engine Co., Inc., 491 F.3d 625, 630 (7th Cir. 2007); Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir. 2007)**. Thus, the undersigned Judge construes all facts and makes all reasonable inferences in favor of Daniels in ruling on the instant motion.

## III. Daniels's Failure to Respond to Defendants' Motions for Summary Judgment

As noted above, Daniels ignored both this Court's Order and Defendants' warnings. By doing so, Daniels has foregone his opportunity to avoid dismissal of his claims.

**Federal Rule of Civil Procedure 56(e)** provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Accordingly, a non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. *Heft v. Moore,* 351 F.3d 278, 283 (7th Cir. 2003); *see also Winters v. Fru-Con, Inc.,* 498 F.3d 734, 744 (7th Cir. 2007) (noting, "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies"). Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. *Heft,* 351 F.3d at 283 (7th Cir. 2003) (holding summary judgment is proper when the plaintiff's case consists of factually unsupported claims); *Thurman v. Village of Homewood,* 446 F.3d 682, 687 (7th Cir. 2006) (affirming district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence); *see also Celotex,* 477 U.S. at 320 (noting "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

Consequently, having fully considered Defendants' arguments, the Court deems Daniels's failure to respond as an admission of the merits of the motions and **GRANTS** motion for summary judgment filed by Defendant Sue Ferrari (Doc. 47) and motion for summary

judgment filed by Defendants C/O Alvis, Terri Anderson, Ken Bartley, C/O Burns, Warden Evans, Julius Flagg, Lt. Grace, John Harris, C/O Hartman, Lt. Laird, C/O McBride, Ronald Meeks, Jackie Miller, Colleen Rennison, Steve Sroka, Lieutenant Townley and Roger E Walker, Jr. (Doc. 57). As a result, this action is **DISMISSED with prejudice** as to Defendants Ferrari, Alvis, Anderson, Bartley, Burns, Evans, Flagg, Grace, Harris, Hartman, Laird, McBride, Meeks, Miller, Rennison, Sroka, Townley and Walker.

### IV. Daniels's Failure to Serve Defendants Mathias, Baker, and Hanege

As noted above, Daniels has failed to achieve service on Defendants Mathias, Baker and Hanege. The United States Marshals Service attempted to effectuate service on these Defendants but needed additional information from Daniels in order to identify them. Specifically, the unexecuted waiver of service indicates that Mathias could not be located and that more information was needed in order to identify him (Doc. 20). Additional information was similarly required in order for the Marshals Service to serve Defendants Baker and Hanege because IDOC was unable to determine which of two C/O Bakers and two C/O Haneges at PCC should be served (Doc. 28).

Daniels's *pro se* complaint identifies Mathias, Baker, and Hanege by their last names only. There is, moreover, nothing in the record that shows Daniels tried to provide the Court with additional information that could help the Marshals Service identify these Defendants after he learned they had not been served.

Consequently, the Court **ORDERS** Daniels **TO SHOW CAUSE IN WRITING** - by **September 18, 2009 -** why his claims against Defendants Mathias, Baker and Hanege should not be dismissed for failure to effectuate service on them. *See* **Fed. R. Civ. P. 4(m).**

Failure to file a memorandum showing cause will result in dismissal of this action as to Defendants Mathias, Baker and Hanege.

**IT IS SO ORDERED.**

**DATED this 2nd day of September, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**